MARGOLIS EDELSTEIN
Bruce Barrett, Esquire – NJ Attorney Id. 030581982
100 Century Parkway, Suite 200
P. O. Box 5084
Mt. Laurel, New Jersey 08054
856-727-6015
bbarrett@margolisedelstein.com
Attorney for Defendant(s), Ryder Truck Rental, Inc., incorrectly named as Ryder Transportation, Inc.,
File No. 42142.1-00002-BEB

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALSAFI DJABERT and KHADIDJA MALLA, | )<br>)<br>) Motion Date: January 18, 2021 |
| Plaintiffs, | )<br>) |
| v. | ) Case No: 2:20-cv-18514-SRC-CLW<br>) |
| RYDER TRUCK RENTAL, et al., | ) **BRIEF IN SUPPORT OF**<br>) **RYDER'S MOTION TO**<br>) **DISMISS COMPLAINT** |
| Defendants. | ) |

Defendant, Ryder Truck Rental, Inc. ("Ryder"), by its attorneys Margolis Edelstein, pursuant to FRCP 12(b)(6), for its Motion to Dismiss, states as follows:

**PRELIMINARY STATEMENT**

This Honorable Court should dismiss Ryder because 49 U.S.C. § 30106 (the "Graves Amendment"), precludes liability against an owner/lessor of a motor vehicle during the rental or lease if the owner is engaged in the trade or business of

1

leasing vehicles and there is no other negligence or criminal wrongdoing on the part of the owner.  49 U.S.C § 30106.

Here, plaintiffs' Amended Complaint and Ryder's affidavit show that Ryder was only the owner/lessor of the vehicle operated by Defendant, Yiguy Evaristo Santana ("Mr. Santana"), and had no other involvement in causing the alleged motor vehicle accident or plaintiffs' injuries. As such, the Court should dismiss Ryder, with prejudice.

## **LEGAL ARGUMENT**

### **I. The Standard**

The Federal Rules of Civil Procedure authorize a district court to dismiss a claim for a "failure to state a claim upon which relief can be granted." FRCP 12(b)(6).  In assessing a motion to dismiss, the court must view the allegations in the complaint in the light most favorable to the non-moving and accept all factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007).

In a complaint, a plaintiff must set forth his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  "The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief." *Benton v. Merrill Lynch & Co.*,

524 F.3d 866, 870 (8th Cir. 2008). "The plaintiffs need not provide specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

## II. Ryder Only Owned And Leased The Vehicle In Question And Had No Other Involvement In Causing Plaintiffs' Injuries.

On November 13, 2020, plaintiffs filed a Complaint in the Superior Court of New Jersey, Hudson County, entitled *Alsafi Djabert and Khadidja Malla v. Ryder Truck Rental, et al.* (*See* Exhibit 1).[1]

On November 23, 2020, plaintiffs filed an Amended Complaint in the action filed in the Superior Court of New Jersey, Law Division, Hudson County, with the same claims but eliminating State Farm Insurance from the caption and as a party defendant (*See* Exhibit 2).

In the Complaint, plaintiffs generally averred that they suffered severe personal injuries resulting from a January 23, 2019 motor vehicle collision in Jersey City, New Jersey with a vehicle operated by Evaristo Santana and "being leased rented and/or otherwise provided by Ryder." (*Id.* at ¶3).

---

[1] On December 8, 2020, defendants removed plaintiffs' Complaint to the United States District Court for New Jersey.

Plaintiffs further averred that "As a direct and proximate result of the negligence of Defendants, Plaintiffs sustained serious and permanent injuries, great pain and mental anguish, and continue to sustain the same and in the future will sustain the same and are obligated to expend large sums of money to effect a cure for said injuries, pain and suffering and mental anguish, is presently and in the future will be obligated to expend large sums of money so as to effect a cure for the injuries that the Plaintiffs sustained and were otherwise injured." (*Id.* at ¶6)

Other than alleging that Ryder owned the vehicle in question, plaintiffs made no other allegation of specific fact against Ryder. (*Id.*).

Ryder is a Florida corporation located in Miami, Florida. (*See* Exhibit 3 at ¶1). Ryder is engaged in the trade or business of renting or leasing motor vehicles. (*Id.* at ¶2).

As set forth in the Truck Lease and Service Agreement and Schedule A between Ryder and HL Motor Group, Inc. ("Highlight"), the vehicle operated by Mr. Santana at the time of the January 23, 2019 motor vehicle accident described in the Plaintiffs' Complaint, was owned by Ryder and leased by it to Highlight. (*Id.* at ¶¶5-7 and Truck Lease and Service Agreement and Schedule A). Other than doing business with one another, Ryder is not a subsidiary, division or parent company, or in any way affiliated with Highlight. (*Id.* at ¶8).

### III. The Graves Amendment Precludes Plaintiffs' Claims Against Ryder.

The Graves Amendment provides that:

"(a) An Owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State of political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if –

(1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and

(2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106.

Here, as attested to by its Account Manager, Ryder is in the trade or business of renting or leasing motor vehicles (*See* Exhibit 3 at ¶2) and it owned and leased the vehicle, operated by HL Motor Group and its driver that was involved in a collision with plaintiffs. (*Id.* at ¶¶5-7 and Truck Lease and Service Agreement and Schedule A). Moreover, plaintiffs have alleged no specific facts that Ryder committed negligence or criminal wrongdoing. (*See* Exhibits 1 and 2).

Where no evidence can be shown that an owner-lessor engaged in any negligence or criminal wrongdoing, the Graves Amendment bars claims against the owner-lessor who is entitled to judgment. *Berkan v. Penske Truck Leasing Canada,*

*Inc.*, 535 F.Supp.2d 341 (W.D. N.Y. 2008) (addressing a similar claim for damages resulting from a leased tractor-trailer's rear-end collision with the plaintiff's vehicle).

The Graves Amendment preempts state law imposing vicarious liability against an owner and/or lessor of a motor vehicle. *Green v. Toyota Motor CreditCorp.*, 605 F.Supp.2d 430, 2009 WL 811590 (E.D.NY 2009); *Jasman v. DTG Operations, Inc.*, 533 F.Supp.2d 753 (W.D. Mich. 2008); *Garcia v. Vanguard Car Rental USA, Inc.*, 510 F.Supp.2d 821 2007 WL 686625 (Middle Dist. Fla. 2007); *Garcia v. Vanguard Car Rental USA, Inc.*, 533 F.Supp.2d 821 (M.D. Fla. 2007); *Johnson v. Agnant*, 480 F.Supp.2d 1 (D.D.C. 2006).

Moreover, the New Jersey common law rule precludes vehicle owner liability in cases in which the owner has not been negligent and in which the culpable driver is not related to the owner in a way that will justify the imposition of vicarious liability under traditional principles of the law of agency or master servant. That shield is consistent with the principle that tort liability in the context of automobile-related personal injuries is based on fault. *Haggerty v. Cedeno*, 279 N.J.Super. 607 (N.J.Sup.Ct. 1995), citing *Doran v. Thomsen*, 76 N.J.L. 754 (E & A 1908); *Mauren v. Brown*, 106 N.J.L. 284 (Sup.Ct.1930); *Harvey v. Craw*, 110 N.J.Super. 68, 264 A.2d 448 (App.Div.1970).

## CONCLUSION.

As attested to, Ryder was merely the owner of the vehicle and had no hand in the alleged negligence or damages averred by plaintiffs. (*See* Exhibits 1-3). Moreover, there are no specific facts alleged that could entitle plaintiffs to relief from Ryder. (*See* Exhibits 1-2). As such, the Graves Amendment bars plaintiffs' claims against Ryder and it should be dismissed with prejudice.

    Respectfully submitted,

    MARGOLIS EDELSTEIN

    s/ *Bruce Barrett*
    By: Bruce E. Barrett, Esquire
    Attorney for Defendant, Ryder

Date: December 24, 2020