**Walter Piccolo, Esq.**
**ID#: 015221997**
**PICCOLO LAW FIRM, LLC**
**119-137 Clifford Street, Suite 103**
**Newark, NJ 07105**
**Tel. 973-368-2316**
**Fax. 973-695-1360**
**Attorneys for Plaintiff(s)**

| | |
|---|---|
| ALSAFI DJABERT AND KHADIDJA MALLA,<br><br>  PLAINTIFFS,<br>VS.<br><br><br>EVARISTO Y. SANTANA, RYDER TRUCK RENTAL, STATE FARM INSURANCE, ABC CORPORATIONS 1-100 (Names being fictitious) and JOHN DOES 1-100 (Names being fictitious<br><br>  DEFENDANTS. | SUPERIOR COURT OF NEW JERSEY HUDSON COUNTY – LAW DIVISION DOCKET NO.:<br><br>**CIVIL ACTION**<br><br>COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR ANSWERS TO INTERROGATORIES AND DOCUMENT PRODUCTION DEMAND |

Plaintiff, ALSAFI DJABERT AND KHADIDJA MALLA, residing at 65 Baldwin Avenue, Apt. #2, Jersey City, New Jersey 07306, complains of the Defendants and says:

## FIRST COUNT

1. On or about January 23, 2019, at approximately 12:50 pm and at all times hereinafter mentioned, Plaintiff, ALSAFI DJABERT (hereinafter referred to as the "Plaintiff"), was the driver of a vehicle owned by Salahaddi S. Ahmat. He was stopped in traffic while driving his vehicle on Amnity Street near its intersection with Fairmount Street, in the City of Jersey City, County of Hudson, and State of New Jersey, when his vehicle was impacted by another vehicle.

2. On or about the aforesaid date, and at all times hereinafter mentioned, Defendant, Evaristo Y. Santana, was driving a vehicle owned Ryder Truck Rental. Defendant Santana failed to use due caution, carelessly, negligently and/or recklessly failed to properly observe traffic and crashed into the Plaintiffs' vehicle.

3. On or about the aforesaid date, Defendant Santana was driving a motor vehicle being leased rented and/or otherwise provided by Ryder.

4. On or about the aforesaid date, Defendant Santana was operating the motor vehicle as the agent, servant, employee or otherwise, at the direction and control of the defendant, Ryder.

5. On or about the aforesaid date, and at all times hereinafter mentioned, Defendant, Ryder Truck Rental, was negligent and careless by permitting Defendant, Evaristo Y. Santana to operate his vehicle without using due caution, while driving carelessly and negligently causing the aforementioned collision.

6. As a direct and proximate result of the negligence of Defendants, Plaintiffs sustained serious and permanent injuries, great pain and mental anguish, and continue to sustain the same and in the future will sustain the same and are obligated to expend large sums of money to effect a cure for said injuries, pain and suffering and mental anguish, is presently and in the future will be obligated to expend large sums of money so as to effect a cure for the injuries that the Plaintiffs sustained and were otherwise injured.

7. All jurisdictional requirements of the New Jersey No Fault Act have been met.

Wherefore, Plaintiff demands Judgment on this Count of the Complaint against Defendants, EVARISTO Y. SANTANA, RYDER TRUCK RENTAL, ABC CORPORATIONS

1-100 and JOHN DOES 1-100 jointly severally and/or in the alternative for damages, attorney fees, interest and costs of suit, and other such relief deemed equitable and just.

## SECOND COUNT

1. Plaintiff repeats each and every allegation of the First Count of the Complaint and incorporates the same herein as if recited verbatim and at length.

2. On or about the aforementioned dates and time, defendant, John Doe and ABC Corp., whose identity are not yet known and who may be discovered during the course of litigation, employed Defendant Evaristo Y. Santana to drive the truck owned by Ryder Truck Rental.

3. On or about the aforementioned dates and time, defendant, John Doe and ABC Corp., whose identity are not yet known and who may be discovered during the course of litigation, retained Defendant Evaristo Y. Santana to pick up or deliver goods and/or materials on the date and time of the accident.

4. As a direct result of the alleged negligence of the Defendants, John Doe and ABC Corp., the plaintiffs, ALSAFI DJABERT AND KHADIDJA MALLA sustained bodily injuries which injuries incapacitate them, and in the future will incapacitate them; has prevented them and in the future will prevent them from performing their usual duties; has caused and in the future will cause great pain and suffering and loss of enjoyment of life and which has left them with serious and permanent injuries.

5. As a direct and proximate result of the aforesaid alleged negligence of the defendants, John Doe, and ABC Corp., the plaintiffs have expended and in the future will expend large sums of money for treatment of their injuries.

Wherefore, Plaintiffs demand Judgment on this Count of the Complaint against Defendants, EVARISTO Y. SANTANA, RYDER TRUCK RENTAL, ABC CORPORATIONS 1-100 and JOHN DOES 1-100 jointly severally and/or in the alternative for damages, attorney fees, interest and costs of suit, and other such relief deemed equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Piccolo Law Firm, LLC<br>*Attorneys for Plaintiffs*

DATED:  November 13, 2020                    By:     *Walter M. Piccolo*_____
                                                       WALTER M. PICCOLO, ESQ.
.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, that no other action or arbitration proceeding is contemplated, and that no other parties should be joined in this action, with the following exception:   NONE.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Piccolo Law Firm, LLC<br>*Attorneys for Plaintiffs*

DATED:  November 13, 2020                    By: *Walter M. Piccolo*_____
                                                  WALTER M. PICCOLO, ESQ.

4

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Walter M. Piccolo, Esq., as trial counsel in the within matter.

>Piccolo Law Firm, LLC
>*Attorneys for Plaintiffs*

DATED:  November 13, 2020      By: *Walter M. Piccolo*
                                     WALTER M. PICCOLO, ESQ.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to New Jersey Court Rule 4:17-1(b), plaintiff hereby demands that each defendant provide answers to the uniform interrogatories set forth in Form C and Form C1 of Appendix II of the Rules Governing the Court of the State of New Jersey.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.  If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

**DOCUMENT PRODUCTION DEMAND**

**PLEASE TAKE NOTICE** THAT PURSUANT TO New Jersey Court Rules 4:18-1, plaintiff demands production for purposes of inspection and copying at the offices of Piccolo Law Firm, LLC within 45 days after service of the within pleadings, the following items:

1. All certificates of insurance and motor vehicle insurance policies maintained by the Answering defendants which were in effect on the date of this accident.
2. Any recorded or written statement taken of any party or witness to this matter.
3. Copies of any Central Index Bureau (CIB) or Insurance Services Office (ISO) or similar reports concerning the Plaintiff.
4. Copy of the complete insurance investigative file as well as the file of those who acted on behalf of the insurance company and all investigative files in this matter.
5. Photographs taken of the accident scene or of any vehicles
6. Video footage or audio recordings depicting the accident scene or that recorded the accident as it happened.
7. Copy of any party's driving record in your possession.
8. Estimates to repair Defendants' vehicle due to the within accident.
9. Copy of cell phone account summary (showing phone calls) for the month of the accident, and/or an authorization to obtain a copy of cell phone records for the month of the accident.

10. Copy of any audio or visual recordings taken of the accident in question.

11. Copies of any and all employment or independent contractor agreements between Defendant Evaristo Y. Santana and his employer or contracting entity.

12. Copies of any bills of lading for shipments made by Evaristo Y. Santana for the date of the accident.

13. Copies of any agreements between Defendants Ryder and Evaristo Y. Santana, or, his employer.

14. If Defendant Evaristo Y. Santana is an independent contractor, then provide copies of W-9's submitted for work performed on the date of this accident.

15. Copies of any rental agreement in place for the Ryder Truck Rental vehicle used on the date of this accident bearing vin #:  3AKJHLDV3K5KC3874.

16. Copies of any rental agreement in place for any Ryder Truck Rental vehicle and either Evaristo Y. Santana, and/or any entity that hired Evaristo Y. Santana on the date of this accident.

                                                  Piccolo Law Firm, LLC
                                                  *Attorneys for Plaintiffs*

DATED:  November 13, 2020         By: _*Walter M. Piccolo*_____
                                               WALTER M. PICCOLO, ESQ.